**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**SOUTHERNN DIVISION**

| | |
|---|---|
| **MATTHEW S. SMITH** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  4:16-CV-00859 |
| ) | |
| **DEAN FINCH,** ) | |
| **SHERIFF OF WAYNE COUNTY, MISSOURI** ) | |
| Serve at: 109 Walnut Street, ) | |
| Greenville, Missouri 63944 ) | |
| ) | |
| **And** ) | |
| ) | |
| **Wayne County, Missouri,** ) | |
| By Brian Polk, Presiding Commissioner ) | |
| Serve at:  109 Walnut Street ) | |
| Greenville, Missouri 63944 ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

Comes now Plaintiff Matthew S. Smith ("Plaintiff") by and through his attorney and for his causes of action against defendant, states and alleges as follows:

**Count I**

1.  Plaintiff is an individual residing in St. Charles County, Missouri.

2.  Defendant Wayne County, Missouri is a governmental body located within the jurisdiction of the United States District Court of the Eastern District of Missouri.

3.   Dean Finch is the Sheriff of Wayne County, Missouri.  The Sheriff of Wayne County is an officer of Wayne County provided for under Missouri law, and the Sheriff has an office for the conduct of business as is allowed by Wayne County, Missouri and Missouri law.  The Sheriff of Wayne County is being sued in his individual and official capacities.

4.      The acts of the Sheriff of Wayne County, Missouri were done by him within the scope of his responsibilities as a sheriff and as an employee or agent of Wayne County, Missouri. The acts stated below were by either Defendant Finch or his employees acting within the course and scope of their employment and under the direction and authority of defendant Finch.

5.      Brian Polk is the Presiding Commissioner of Wayne County. He is named and served in this lawsuit only in his official capacity as the Presiding Commissioner of Wayne County. Wayne County is liable for the acts of its Sherriff as alleged herein.

6.  This court had jurisdiction over the claims asserted herein based upon federal question jurisdiction, 28 USC 1331 and 28 USC 1343.

## COUNT I

7.      Plaintiff incorporates by reference paragraphs 1 through 6 above as if fully set forth herein.

8.      Plaintiff was travelling internationally in October, 2015 as part of his duties and responsibilities for his employer.

9.      On or about October 30, 2015, Plaintiff was returning from Hong Kong at O'Hare Airport in Chicago, Illinois.

10.     While proceeding through customs at the said airport, Plaintiff was detained by officials from the U.S. Customs Service due to an arrest warrant issued and requested by Wayne County, Missouri and its officials and the Sheriff of Wayne County Missouri.

11.     Pursuant to such request, Plaintiff was detained and turned over to officers of the Chicago Police Department. Because of the request of Wayne County and the Wayne County Sheriff's Department, the Chicago Police Department placed Plaintiff in jail in a common cell and held him until a bail or bond hearing could be held.

12. On the afternoon of October 30, 2015, officials from Cook County and/or the Chicago Police Department at the insistence and request of Plaintiff's attorney in Chicago contacted a representative from the Sheriff's Department of Wayne County, Missouri. Said unknown representative refused to confirm whether Plaintiff was the person being sought by the arrest warrant, refused to authorize his release from custody by officials in Cook County, Illinois, and refused to contact a superior in the Wayne County Sheriff's Department for either verification for the arrest or instructions for verification and release from custody.

13. The representative of the defendant Wayne County Sheriff's Department is unknown at this time and defendants have failed and refused to provide such person's identity, thereby concealing public information. Only after discovery is done will the identity of such person be known and then such person can be added as a party defendant.

14. At the bond hearing held on October 31, 2015, in Cook County, Illinois, Plaintiff was released.

15. The arrest warrant issued and requested by the Sheriff of Wayne County listed the social security number and date of birth of plaintiff.

16. The Sheriff of Wayne County alleged that Plaintiff had been charged with possession of illegal drugs, had not performed required items for his bail and did not appear in court.

17. Plaintiff was never charged with possession of illegal drugs, Plaintiff was never on bail and Plaintiff had no charges pending against him in Wayne County or any other location.

18. There was no basis to issue a warrant requesting the arrest of Plaintiff, much less any probable cause to seek the arrest of Plaintiff by any law enforcement authority in the United States.

19. The acts of the defendants were outrageous and done with malice, or in the alternative were willful and wanton and done with a conscious disregard for the rights of Plaintiff.

20. The arrest and detention of Plaintiff caused by defendants violated Plaintiff's constitutional rights, as secured by the Fourteenth Amendment to the United States Constitution.

21. The actions of the defendants are a violation of 42 USC 1983.

22. As a result of the actions of defendants, Plaintiff was required to hire attorneys to defend himself and obtain additional transportation from Chicago to St. Louis.

23. Plaintiff was placed overnight in a holding cell in a jail in Cook County Illinois where he was at great fear for his safety.

24. Plaintiff continues to suffer from emotional pain and mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of reputation, and plaintiff has a fear of flying, fear of law enforcement officers and flashbacks from the arrest and detention in Chicago.

25. Plaintiff is entitled to a reasonable attorney's fee and his costs for bringing this lawsuit.

Wherefore, Plaintiff prays for a judgment in his favor and against defendants jointly and severally in a reasonable amount, or in the amount of $500,000, for an award of punitive damages in the amount of $3,000,000, for an award of a reasonable attorney's fee, for his costs herein incurred and expended, and for such other and further relief as this court deems just and proper.

## **COUNT II**

26. Plaintiff incorporates by reference paragraphs 1 through 25 above as if fully set forth herein.

27. This court has jurisdiction over the claims asserted in Count II under supplemental jurisdiction, 28 USC 1367.

28. By letter dated December 22, 2015, Plaintiff through his counsel made a request to the Sheriff of Wayne County for records that should have been produced pursuant to the Missouri Open Records Act ("Sunshine Law"), Mo. Rev. Stat. 610.010 et seq. The records requested include records issued by Wayne County and the Sherriff of Wayne County for the arrest of and detention of Plaintiff and communications with Cook County Illinois and the Chicago, Illinois Police Department on the arrest and detention of Plaintiff at the request of defendants and authorization for his release from the Chicago Police Department.

29. Defendant Sheriff made no response to the request.

30. Defendant Sheriff did not produce any records pursuant to the request.

31. A response to the request is required under Missouri law to be made within three business days after receipt under Mo. Rev. Stat. 610.023.

32. The Defendant Sheriff did not provide the name of his office's or the county's record custodian as required by Mo. Rev. Stat. 610.023.

33. The identity of the record custodian is unknown may be added as party to this lawsuit upon discovery and the identity of such person being disclosed.

34. The violation by defendants of Missouri law was knowingly and purposeful.

35. Mo Rev. Stat. 610.027 provides that a requesting party is entitled to his attorneys fees for the knowing violation of the Sunshine Law.

5

36.     Mo Rev. Stat 610.027 provides that the person or entity that knowingly or purposefully violates the Missouri Sunshine law shall pay a fine of $1,000 per day; or if the violation is purposeful, a fine of $5,000 per day. Said fine should be imposed by this Court as it is known by everyone that a response to a request for records is required, and upon information and belief, the defendant sheriff's office was intentionally attempting to conceal and hide its errors and omissions, so such violation of the Missouri Sunshine Law was purposeful.

Wherefore, Plaintiff prays for a judgment in his favor and against defendants jointly and severally in a reasonable amount, or in the amount of $50,000, for a fine as is authorized under Missouri law against defendants, for an order of this court ordering defendants to produce the documents requested, for an award of a reasonable attorney's fee, for his costs herein incurred and expended, and for such other and further relief as this court deems just and proper.

**SHER CORWIN WINTERS LLC**

By_____/David S. Corwin_____
David S. Corwin, #MO38306
Michael D. Hart, #MO27955
190 Carondelet Plazas, Suite 1100
St. Louis, MO 63105
Telephone: (314) 721-5200
Facsimile: (314) 721-5201
dcorwin@scwstl.com
mhart@scwstl.com